UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON GERAY,
    Petitioner,

v.

WILLIAM MUNIZ,
    Respondent.

Case No. 15-cv-05354-VC   (PR)

**ORDER TO SHOW CAUSE**

Petitioner Jason Geray, a state inmate, filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On January 7, 2016, the Court issued an order for Geray to show cause why his petition should not be dismissed for failure to state a claim that is cognizable in a federal habeas corpus proceeding, which requires that a state prisoner allege that he is in custody in violation of the Constitution or the laws or treaties of the United States. The Court noted that, as written, Geray's claim that state documents contained false information about his escape from Atascadero State Hospital was not cognizable because it did not show how the alleged false information gave rise to a conviction or a sentence or increased his sentence. *See* Docket No. 6.

On January 22, 2016, Geray filed a response to the order to show cause stating that the allegedly false information disqualifies him from acceptance into a program for mentally disabled inmates called the Conditional Release Program ("CONREP"), which appears to be the California Department of State Hospitals' system of community-based out-patient services for specified forensic patients. According to Geray's Exhibit, the program is for Mentally Disordered Offenders and Offenders "found not guilty by reason of insanity;" however, prisoners can only be transferred to the program after they are deemed no longer dangerous.

Construed liberally, Geray's allegations appear to state a cognizable habeas claim.

Because CONREP is a community-based out-patient program, if Geray is otherwise eligible, but the program rejects him because it deems him to be dangerous based on the alleged false information, the information could be increasing his sentence by preventing his acceptance into the program.

Therefore, the Court issues the following orders:

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Geray at his current address.

2. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Geray an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Geray wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Geray a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Geray shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Geray a reply within fourteen days of receipt of an opposition.

4. It is Geray's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document

1  to Respondent's counsel.

2      5. Extensions of time are not favored, though reasonable extensions will be granted. Any
3  motion for an extension of time must be filed no later than ten days prior to the deadline sought to
4  be extended.

6      **IT IS SO ORDERED**.

7  Dated: February 5, 2016

                                    VINCE CHHABRIA
                                    United States District Judge